DIXON, Judge.
This was originally a suit to recover attorneys’ fees against a partnership and partners. There was a judgment in favor of the plaintiff and against the partners and the partnership. Subsequently a petition was filed by Klaas Koster, against whom judgment had been rendered, as a partner, to annul this judgment; the judgment was annulled in the district court. On appeal from that judgment, we remanded the case to the district court “for further proceedings to determine whether the partnership alleged actually existed.” (See 216 So.2d 863).
After further proceedings the district court found that the partnership existed as alleged and that Koster was a partner. The district court reinstated its original judgment rendered January 10, 1967 in favor of the plaintiff Pertuit and against the defendants Gordon M. LeBlanc, a partnership, and its partners, Gordon M. LeBlanc, Joseph Hegeman and Klaas Koster. That judgment was in the sum of $21,711.31, with interest and costs, and condemned Koster to pay his virile share in the sum of $7,237.10, with interest and costs. Koster appealed.
The question to be decided in this appeal is whether Koster was engaged in a partnership venture with Joseph Hege-man and Gordon M. LeBlanc. If Koster were a partner, LeBlanc had the authority to employ the attorneys who filed an answer on behalf of Koster, and the judgment of which Koster complains need not be annulled (if Koster’s answer had been filed by attorneys with authority to represent him, five years did not elapse in the prosecution of the action, and it was not abandoned under the provisions of CCP 561).
Koster complained that Pertuit’s judgment against him should be annulled as violative of CCP 2002(2): no valid service, no general appearance, and no default judgment. If Koster had been a partner, the answer filed by the attorneys authorized to represent him prevents the application of CCP 2002(2).
Koster’s contention that Pertuit’s judgment against him should be annulled for “ill practices” under CCP 2004 depends on the existence of a valid defense to Pertuit’s claim. The “ill practices”, according to Koster, occurred when the trial judge allowed the lawyers, then representing LeBlanc and claiming to represent Kos-ter, to withdraw on the day Pertuit’s case was to be tried, without notice to Koster. Koster sets up, as a defense to Pertuit’s demand for attorneys’ fees, that he, Koster, was not a partner and therefore was not liable to attorneys employed by LeBlanc. If Koster had been a partner, he would not have had an absolute defense to Pertuit’s demands.
The evidence before us establishes that the relationship between Koster, Hegeman and LeBlanc was that of a partnership. A letter introduced by Koster *779 contained an admission by him that he “was promised a percentage of the operation.” Division orders introduced in evidence showed that he in fact acquired an ownership interest in some oil. property which the group promoted. Koster himself testified that he was to receive some sort of percentage of money raised by the promoters “off the top.” Koster joined with Hegeman and LeBlanc in a spending spree in which expensive watches, mink coats and quantities of ladies clothes were purchased and charged to LeBlanc. Le-Blanc, Hegeman and Koster identified items taken by each, and their value was charged to a partner’s capital account later established by an accountant.
Letters introduced, sent out by Le-Blanc’s office manager, establishing business practices for the venture, indicated that Koster exercised control. Koster, Hegeman and LeBlanc carried on lengthy telephone conference calls almost daily at some periods in the operation. It was during these telephone conversations that the three promoters made decisions affecting their venture. Koster never protested when letters from the office manager stated that decisions had been made and orders were issued pursuant to the authority given by LeBlanc, Hegeman and Koster.
Similarly, Koster did not protest when the accountant wrote letters to Hegeman, LeBlanc and Koster inquiring about past practices, expenditures, methods, procedures and other information necessary to set up books for the venture. The evidence indicates that Koster was in close communication with the accountant during the period when the accountant was attempting to organize the affairs of the group and set up the books. The fact that Koster never informed the accountant during this period that he was not a partner, or that he did not possess any of the attributes of a partner such as proprietary interest, or the right to control, or the right to share in the benefits of the group is persuasive.
The accountant was never able to acquire all the information necessary to satisfactorily account for all the income or expenditures of the group. The dealings of LeBlanc were in such a state that it was hardly possible for the accountant to separate his various interests without very close assistance from Hegeman, Le-Blanc and Koster. Their methods were loose. They were not specific about their sources of income. It was difficult to allocate expenses to the proper drilling ventures. The setting up of the books was actually an ex post facto act. It is easy to understand the confusion of the accountant, and it is not his opinion or conclusion which persuades us, but Koster’s action during the accountant’s employment.
Usually a partnership is an agreement to share profits, losses, control and ownership of certain property in a business venture. (See 21 TLR 307 and 25 TLR 382 for collection and analysis of Louisiana cases). Here the promoters took the profit first, attempted to acquire profit producing property later, and, faced with the probability of great losses, disappeared or denied the existence of a partnership. The denials, however, come too late. There is in the record a copy of a writing by Hegeman dated March 12, 1961. This writing purports to set out Koster’s relationship in this venture. Koster is referred to as a “group captain,” whose responsibility was raising funds to be invested in the oil business. The writing" stated that there “was at no time any discussion about forming a partnership * * Hegeman’s sworn testimony contradicted the terms of the writing signed by him. He characterized either his testimony or the writing signed by him as “perjury.” Hegeman’s conclusions as to the nature of Koster’s relationship with the group are not to be considered, and his testimony as to specific matters during the relationship is not worthy of great weight.
*780 It is true that the evidence does not reflect that these three men entered into a formal agreement to operate as a partnership. Their operations, however, are proof enough of their intentions. The three exercised control; they took their profits; they took a proprietary interest in their property.
Since there was a partnership, Koster’s defenses fall. Consequently, the judgment of the district court is affirmed at the costs of appellant.